STATE OF MAINE                          UNIFIED COURT
AROOSTOOK, ss.                          DOCKET NO.: CR-21-20151


STATE OF MAINE,                  )
                                 )
                                 )
                                 )
v.                               )          ORDER ON DEFENDANT'S
                                 )          MOTION TO DISMISS
                                 )
                                 )
CHRISTIAN LIZOTTE                )


In this matter, the Defendant was charged in a single count complaint with the offense of Domestic Violence Assault, Class D. The complaint was dated May 28, 2021. The date of the alleged incident was May 4, 2021. The Defendant was arrested and bailed on May 18, 2021. The Defendant was arraigned on June 9, 2021. The Defendant filed a motion for speedy trial on July 14, 2021.

A dispositional conference was held on September 10, 2021. The mater was scheduled for docket call on November 29, 2021. A telephonic docket call was held on November 29, 2021 and the matter was not reached for trial. A subsequent docket call was held on December 20, 2021 and the matter was set for jury selection on February 7, 2022, with a trial to follow during the February 2022 trial term.

The matter was rescheduled due to defense attorney availability during the February term. Jury selection occurred on April 11, 2022 and the matter was set for trial for April 15, 2022.

On April 15, 2022, prior to the commencement of the trial, the State moved for a material witness warrant due to the nonappearance, despite being properly served with

a subpoena, of the alleged victim Monique Ouellette (hereinafter referred to as "Ouellette"). At the same time, the Defendant orally moved for a dismissal alleging a speedy trial violation.

The court granted the State's request for a material witness warrant. The court further granted the State's motion to continue the trial. After argument on the motion to dismiss, the court denied the motion.

The Defendant filed a written motion to dismiss alleging a speedy trial violation on May 19, 2022. The alleged prejudice to the Defendant as set forth in the motion was that he continues to be subject to a bail order pending trial. The court scheduled the matter for jury selection on July 11, 2022 and deferred ruling on the motion to dismiss to permit the State to respond to the motion. The State did not at any time file a written response to the motion to dismiss.

Due to a change in the timing of the jury pools for the summer months of 2022 because of a scheduled homicide trial, the jury selection for July 11, 2022 was continued. As of the date of the hearing on the motion to dismiss on July 20, 2022, the matter has not been rescheduled for jury selection and trial.

A hearing on the motion to dismiss was held on July 20, 2022. The Defendant was present, represented by Allan Hanson, Esq. The State was represented by Assistant District Attorney Christiana Rein. Neither party called any witnesses or presented any evidence beyond assertions of fact by counsel and legal argument. The undersigned has handled all of the activity on this file from the date of the initial docket call forward. After

review of the file and consideration of the arguments presented, the court finds and orders as follows:

The State contends that the Madawaska Police Department has taken further steps to located Ouellette by contacting her former employer and going to her residence. Both efforts yielded no results in terms of locating Ouellette or gaining further information as to her whereabouts beyond the contention that she is out of state. The State concedes that attorney Hanson provided information on the morning of April 15, 2022 that his office was contacted by Ouellette and that information was that she was in Colorado. No further out of state efforts have been undertaken by the State.

The Defendant's only articulated claim of prejudice was the delay itself and that he has been subject to a bail order. The conditions of the Defendant's bail, while certainly restrictive, are not onerous. His bail is set at $400 unsecured with the condition that he not have direct or indirect contact with Ouellette. There are no other conditions beyond the standard boiler plate requirements (i.e., commit no criminal act and not violate any protection from abuse orders, will appear when required for court, give notice of any change of address or phone number, waive extradition, etc.).

A speedy trial analysis requires application of "a delicate balancing test that takes into account all of the circumstances of the case at hand." *State v. Drewry*, 2008 ME 76, P12, 946 A.2d 981, 986 (Quoting, *State v. Murphy*, 496 A.2d 623, 627 (Me. 1985)). The court must review speedy trial issues "according to the four-factor test set forth by the United States Supreme Court: 'the length of the delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant arising out of the delay.'" *Id.*

However, "this analysis need only be undertaken when the delay is presumptively prejudicial. *Murphy*, 496 A.2d at 627." *Id.*

The length of the delay may be so great as to result the presumption that the delay is prejudicial. In this matter the span of time from the arraignment to the morning of the initial trial was approximately ten (10) months. Two (2) months of delay was due to the Defendant's request that the February trial be rescheduled due to counsel availability. As of the day of the hearing, approximately thirteen and a half (13 ½) months has passed from the date of the Defendant's arraignment.

The court also notes that the judicial system as a whole is working its way through and out of the global Covid-19 pandemic. There were no jury trials in Aroostook County for over a year, resulting in a substantial backlog of cases. Despite those factors, this matter has proceeded past jury selection relatively swiftly. The delay in this case is insufficient to be presumptively prejudicial but it is sufficient to trigger the balancing process. *See, State v. Cadman*, 476 A.2d 1148, 1151 (Case involving an eleven (11) month delay - "On the other hand, we have recognized that the balancing process ought generally to be triggered whenever some delay is manifest.")

The reasons for delay in this matter are a result of the court's docket, a continuance requested by the defense, and most significantly, the absconding witness. In this matter, the reasons for the delay "are innocent of any invidious intention to deprive a defendant of his liberty unfairly," therefore the delay will "weigh less heavily in favor of a claim of denial of the right to speedy trial." *State v. Murphy*, 496 A.2d 623, 628 (Me. 1985)*(citing, Barker v. Wingo*, 407 U.S. at 531).

As the Defendant promptly and affirmatively asserted his right to a speedy trial by way of his motion for speedy trial on July 14, 2021, the court next reviews any prejudice to the Defendant. The court must consider at least three factors related to any claim of prejudice: "(1) oppressiveness of pre-trial incarceration; (2) anxiety and concern of the accused, and (3) impairment of the defense." *State v. Smith*, 400 A.2d 749, 754 (Me. 1979)(citing, *Barker v. Wingo*, 407 U.S. at 533; *State v. Steeves*, 383 A.2d at 1384).

As noted above, the Defendant has been free on bail since the initiation of this case. His bail conditions are simple and basic. Any bail conditions are by their very nature restrictive, but the conditions in this matter are not oppressive. Although the court may infer that having a charge pending causes anxiety and concern to the accused, there was no showing of any such impact on the Defendant and no offer of proof to that effect. Lastly, there has been no showing whatsoever that the defense was impaired in any way by the delay.

Based on the foregoing, the court finds that the Defendant's right to a speedy trial has not been impermissibly infringed. Accordingly, the Defendant's motion to dismiss is hereby **DENIED**.

This matter shall proceed to the next docket call and trial thereafter.

Date: 8/3/2022

Justice, Maine Superior Court